UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KELVIN B. WILSON,                        Civil No. 05-869 (RHK/JSM)

      Petitioner,

v.                                          **REPORT AND RECOMMENDATION**

MINNESOTA FOURTH
JUDICIAL COURT,

      Respondent.

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily DISMISSED WITHOUT PREJUDICE.

Petitioner's habeas corpus petition, (Docket No. 1), was filed on May 3, 2005. When the case was initially reviewed pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, it appeared to the Court that petitioner had not exhausted all of his available state court remedies for all of his current habeas corpus claims, as is clearly required by 28 U.S.C. § 2254(b). See also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). It further appeared that petitioner may be barred from seeking federal habeas corpus relief by reason of the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1). Therefore, by Order dated May 5, 2005, (Docket No. 3), the Court directed petitioner to file a memorandum and an affidavit that would explain (a) how he had exhausted all of his state court remedies for each of his federal habeas corpus claims, and

(b) why his petition was not time-barred pursuant to § 2244(d)(1). Petitioner was advised that if he did not file such a memorandum and affidavit by June 3, 2005, the Court would recommend that this action be summarily dismissed <u>with prejudice</u>. (The phrase "with prejudice" was emphasized in the Court's original order.)

The deadline for filing the memorandum and affidavit required by the Court's prior order has now passed, and petitioner has not yet filed any such memorandum or affidavit. Petitioner has submitted only a one paragraph letter, (Docket No. 4), which refers to this action as "a mistake." He seems to be contending that he "inadvertently" filed a habeas corpus petition with the federal court, when he actually intended to pursue an appeal in the Minnesota state courts.

Giving petitioner the benefit of liberal construction, the Court will treat his recent letter as a notice of voluntary dismissal of the present action, and, accordingly, the Court will recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a). However, petitioner should continue to be mindful of the concerns expressed in the Court's prior order, regarding the exhaustion of state court remedies requirement and the one-year statute of limitations, and he should not attempt to bring any future federal habeas corpus action unless he is prepared to overcome both of those concerns.

Finally, given the Court's determination that this action should be summarily dismissed, it will also be recommended that petitioner's pending application to proceed <u>in forma pauperis</u>, (Docket No. 2), be denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application to proceed <u>in forma pauperis</u>, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED WITHOUT PREJUDICE**.

Dated:    June 17, 2005

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 6, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.